Samuel H. Hofstadter, J.
The Court of Appeals remitted this proceeding to this court pursuant to sections 543-a and 543-b óf the Code of Criminal Procedure. Pursuant to the remittitur of the Court of Appeals, we have examined the facts and we affirm the findings of the trial court as to them. Accordingly, the judgment of conviction is affirmed.
An appeal had been taken to the Court of Appeals from an order of the Court of Special Sessions of the City of New York, Appellate Part, in the First Judicial Department, entered May 8, 1962. That order, upon reargument, reversed, on the law only, a judgment of the Criminal Court of the City of New York, New York County (formerly the Magistrates’ Court of the City of New York) and dismissed the complaint. The judgment of the Magistrates’ Court convicted defendant of a violation of Section D26-3.1 of the Administrative Code of the City of New York in that he failed to file a registration statement. Sentence was suspended.
Appellant was the agent and person in control of the premises 72 West 118th Street, Manhattan. Section D26-3.1 provides that ‘ ‘ Every owner of a multiple dwelling shall file * * * a written registration statement” giving the owner’s name and address and the name of a person who shall be designated by such owner as a managing agent. The judgment of the Magistrates’ Court was reversed by the Appellate Part of Special Sessions on the ground that “ Sec. D26-3.1 is to be construed so as to apply only to true owners and that ‘ owners ’ as used in that section * * * does not include agents. The conviction must therefore be reversed on the law ”. On reargument, said order was amended to read “ reversed on errors of law only ”. Upon the appeal, the Court of Appeals (12 N Y 2d 176, 179, 181) held that: “the defendant, as the one indisputably in control of the premises, was properly convicted of the offense charged against him: an owner must file a registration statement; an agent or other person in control of the building is included within the term 1 owner ’; ergo, such agent or person must file a statement. * * * The order appealed from should be reversed and the case remitted to the Appellate Term of the Supreme Court for determination of possible questions of fact [emphasis added] ”.
Appellant moved for reargument or, in the alternative, to amend the remittitur. The Court of Appeals ordered as follows:
‘ ‘ ordered, that the said motion, insofar as it seeks reargument, be and the same hereby is denied, and it is
*324 “further ordered that, because Constitutional contentions which could have been urged on the original argument of the appeal may not be advanced for the first time upon a motion for re argument and, in the instant case, only one of the points made upon the present motion for reargument was suggested, on the original argument, the said motion, insofar as it seeks amendment of the remittitur, be and the same hereby is granted only to the following extent: Return of the remittitur requested and, when returned, it will be amended to read, as follows:
‘ ‘ Upon the appeal there was presented and necessarily passed upon the contention of the defendant that he was denied the equal protection of the laws under the Fourteenth Amendment of the Constitution of the United States upon the ground that persons within New York City were subject to a heavier penalty for failing to register as required by section D26-3.1 of the Administrative Code of the City of New York than persons outside of New York City would be for violating comparable statutes. In respect to this contention, the Court of Appeals held that there was no violation of any right guaranteed to the defendant by the Constitution.” Section 543-b of the Code of Criminal Procedure provides that: ‘ ‘ where it appears * * * that the questions of fact were not considered by such intermediate appellate court [the Court of Appeals] shall not render a determination based upon the findings of fact made in the court of original instance, but shall remit the case to the intermediate appellate court for determination upon the questions of fact raised in that court.”
Appellant’s contention on this appeal is that not only should this court consider questions of fact, but that we should also consider the constitutional questions raised on the original appeal to the Appellate Part of Special Sessions since that court decided the original appeal on nonconstitutional grounds, and did not reach the constitutional questions therein raised.' In short, appellant is seeking “ a review of all valid questions of law and fact ”. Appellant’s brief raises the same questions of law and constitutional questions raised on the original appeal to the Appellate Part of Special Sessions.
Appellant has had his day in court. He could have urged the constitutional questions on the original argument of his appeal before the Court of Appeals. He failed to do this, and was not allowed to raise these arguments thereafter by that court. He may not circumvent the order of the Court of Appeals by raising these arguments on this appeal, which by virtue of the order of the Court of Appeals, and section 543-b of the Code of *325 Criminal Procedure, is now before us for a determination of the questions of fact raised in the trial court.
Appellant does not raise any contentions relating to factual questions; thus, the only question now before us is whether respondent sustained their burden of proving defendant guilty beyond a reasonable doubt.
In the trial court the respondent proved through the testimony of four witnesses that appellant was the agent for the premises involved herein; that he collected rents and issued receipts, and that he failed to register with the Department of Buildings. The appellant at the trial admitted all of the above facts. It therefore cannot be held that the respondent failed to sustain its burden of proof.
The judgment of conviction should be affirmed.
Capozzoli and Gold, JJ., concur.
Judgment affirmed.